UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      **ORDER**

    v.

                                      6:14-CR-06181 EAW

MATTHEW NIX,

            Defendant.
_____

On March 12, 2020, the Government filed a motion to quash and/or vacate a subpoena *duces tecum* directed to Rochester City Court and issued by the undersigned in July 2017. (Dkt. 505). The Government's motion was apparently prompted by an Order to Show Cause issued by the Rochester City Court upon an application made on behalf of defendant Matthew Nix ("Defendant") to unseal state court records responsive to that subpoena. According to Defendant's application dated March 6, 2020, made to the Rochester City Court, the subpoena was signed by the undersigned and served on the Rochester City Court on July 10, 2017 (Dkt. 505-1 at ¶¶ 23-24), the records were never produced in response to the subpoena because they were sealed (*id.* at ¶ 25), and almost three years later, Defendant's counsel made an application with the Rochester City Court to unseal the records so that he could obtain a response to the subpoena. Defendant's counsel apparently initially made an application in Rochester City Court at or about the time that the subpoena was originally signed, but that motion was never properly served. (Dkt. 505-2 at 10).

The subpoena would have been returnable at or about the time it was issued.[1]  The subpoena related to an evidentiary hearing conducted before the undersigned in June 2017, concerning allegations that a juror who was selected to serve during Defendant's trial was not qualified to serve.  (Dkt. 348; Dkt. 353).  Those allegations served as the basis, in part, for Defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 (Dkt. 289), which was ultimately denied by the undersigned by Decision and Order entered on August 24, 2017 (Dkt. 382).  The subpoena was issued after the evidentiary hearing, pursuant to a motion filed by Defendant.  (Dkt. 354; Dkt. 368).

The Court seriously doubts that a subpoena issued almost three years earlier—and returnable at or about the time that it was issued—could still be effective so as to obtain responsive documents.  In other words, while the subpoena on its face did not contain an expiration date, by virtue of the fact that the return date has long since expired, the Court's view is that the subpoena is no longer effective.  Nonetheless, the Court need not resolve the present motion on that basis or any other basis, because Defendant does not oppose the present motion.  (Dkt. 510 at 3).

---

[1] Defendant contends that this Court issued the subpoena on or about July 10, 2017 (Dkt. 505-1 at ¶ 24), but an unsigned copy of the subpoena attached to the motion papers is actually dated June 16, 2017, and indicates that it was returnable on June 21, 2017.  (Dkt. 505-2 at 12).  It seems unlikely that the unsigned copy of the subpoena attached to the motion papers is the subpoena signed by the Court, particularly since oral argument was not held until July 6, 2017, with respect to Defendant's request for the subpoena and it is apparent from that oral argument that the Court required Defendant to be more specific about the records he was requesting than is reflected in the unsigned subpoena attached to the motion papers.  (*See* Dkt. 421 at 3-14).  The Court directed Defendant's counsel to provide the Court with a copy of the signed subpoena (Dkt. 506), but apparently he does not have a copy and therefore was unable to do so (Dkt. 510 at 2).

Accordingly, the Government's motion (Dkt. 505) is granted and the subpoena directed to the Rochester City Court that is the subject of the present motion is hereby vacated and quashed.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  April 17, 2020
        Rochester, New York